IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-275-D
No. 5:15-CV-578-D

| | | |
|---|---|---|
| DERRICK DONNELL MABRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On November 2, 2015, Derrick Donnell Mabry ("Mabry") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 258-month sentence [D.E. 74]. On January 28, 2016, the government moved to dismiss Mabry's section 2255 motion [D.E. 78, 79]. On February 19, 2016, Mabry responded in opposition [D.E. 82]. On March 4, 2016, Mabry moved for a sentence reduction under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 84]. As explained below, the court grants the government's motion to dismiss, dismisses Mabry's section 2255 motion, and denies Mabry's motion for a sentence reduction.

I.

On January 22, 2013, without a plea agreement, Mabry pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Rule 11 Tr. [D.E. 68] 16–21. At his Rule 11 hearing, Mabry stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See id. 12–14, 19. Mabry also swore that he understood the charge to which he was pleading guilty and understood the

maximum penalty provided for that charge was life imprisonment. See id. 16–18. Mabry likewise swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 17–21. Mabry also stated under oath that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 17–19.

At the end of his Rule 11 hearing, Mabry pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 21–22. The court then accepted Mabry's guilty plea. See id. 22–24.

On August 27, 2013, at Mabry's sentencing hearing, the court calculated Mabry's advisory guideline range to be 210 to 262 months' imprisonment based on a total offense level of 33 and a criminal history category of V. See Sentencing Tr. [D.E. 66] 28–29. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Mabry's allocution, the court sentenced Mabry to 258 months' imprisonment. See id. 29–42.

Mabry appealed. On June 16, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Mabry's conviction and sentence. See United States v. Mabry, 576 F. App'x 155, 156–57 (4th Cir. 2014) (per curiam) (unpublished).

On November 2, 2015, Mabry filed his section 2255 motion [D.E. 74]. Mabry contends that his trial counsel incorrectly told him that he would face a mandatory life sentence if convicted after trial. See [D.E. 74-2] 2–5. Mabry alleges that he would not have pleaded guilty "had he known that he was not facing a mandatory life sentence" if he exercised his right to a trial and was convicted. See id. 5.

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely

3

developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Mabry must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Mabry contends that his trial counsel incorrectly told him that he would face a mandatory life sentence if convicted after a trial. See [D.E. 74-2] 2–5. According to Mabry, had he known that he did not face a mandatory life sentence upon conviction, then he would have pleaded not guilty. Id. 4–6. Thus, Mabry asks the court to allow him to withdraw his guilty plea and proceed to trial. See id. 6.

During Mabry's Rule 11 hearing, Mabry swore under oath that he discussed his case with his lawyer. Moreover, during the Rule 11 hearing, this court told Mabry, and Mabry swore that he understood, that: (1) the statutory minimum for the offense was ten years' imprisonment and the statutory maximum for the offense was life imprisonment; (2) the court could sentence him up to the statutory maximum for the offense; (3) counsel's sentencing estimate (if any) did not bind the court; and (4) any erroneous sentencing estimate from counsel would not permit Mabry to withdraw his

4

guilty plea. See Rule 11 Tr. 17–19. Mabry's sworn statements at his Rule 11 hearing bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Accordingly, Mabry's claim fails.

After reviewing the claim presented in Mabry's motion, the court finds that reasonable jurists would not find the court's treatment of Mabry's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

On March 4, 2016, Mabry filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 84]. That same day, the government responded [D.E. 85]. Mabry's new advisory guideline range on count two is 168 to 210 months' imprisonment based on a total offense level of 31 and a criminal history category of V. See [D.E. 84, 85].

The court has discretion to reduce Mabry's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Mabry's sentence, the court finds that Mabry engaged in serious and prolonged criminal conduct. See Presentence Investigation Report ("PSR") [D.E. 54] ¶¶ 1–11; Sentencing Tr. 39–40. Furthermore, Mabry has a

5

lengthy and disturbing criminal history, including multiple serious drug convictions. See PSR ¶¶ 15–27. Moreover, when not incarcerated, Mabry has a poor work history. See id. ¶¶ 43–48. Nonetheless, while incarcerated on his federal sentence, Mabry has engaged in some positive behavior. See [D.E. 84]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Mabry received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Mabry's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Mabry's serious criminal conduct and serious criminal history do not support reducing Mabry's sentence. Thus, the court denies Mabry's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

### III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 78], DISMISSES Mabry's section 2255 motion [D.E. 74], DENIES Mabry's motion for reduction of sentence [D.E. 84], and DENIES a certificate of appealability.

SO ORDERED. This 28 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge