IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-275-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DERRICK DONNELL MABRY, | ) | |
| | ) | |
| Defendant. | ) | |

On May 27, 2020, Derrick Donnell Mabry ("Mabry") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) and for "[r]eduction of [Mabry's] sentence to [i]mmediate [r]elease" pursuant to the "4th, 5th, 6th, [and] 8th Amendments" [D.E. 106]. Mabry submitted several letters from family members in support [D.E. 109–113]. On August 28, 2020, the United States responded in opposition [D.E. 114]. On September 16, 2020, Mabry moved for appointment of counsel and asked the court to appoint a fellow inmate to serve as his counsel [D.E. 116]. As explained below, the court denies Mabry's motions.

I.

On January 22, 2013, without a plea agreement, Mabry pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 68] 16–22. On August 27, 2013, the court held Mabry's sentencing hearing and calculated Mabry's advisory guideline range as 210 to 262 months' imprisonment based on a total offense level of 33 and a criminal history category of V. See [D.E. 66] 28–29. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Mabry's allocution, the court sentenced Mabry

to 258 months' imprisonment. See id. 29–42. In calculating Mabry's advisory guideline range, the court applied the enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with drug activity. See id. at 27–28. Mabry appealed. On June 16, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Mabry's conviction and sentence. See United States v. Mabry, 576 F. App'x 155, 157 (4th Cir. 2014) (per curiam) (unpublished). The Fourth Circuit noted that "[g]iven Mabry's admitted conspiracy, his close relationship with his co-conspirator, their joint and frequent trips to the storage units, and the large scope of their drug activity, it was fairly inferable that his codefendant's possession of the firearms was foreseeable to him." Id. at 156 (alterations, citation, and quotation omitted).

On November 2, 2015, Mabry moved to vacate his sentence under 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel based on counsel's advice that he would face a mandatory life sentence if convicted after trial. See [D.E. 74] 3; [D.E. 86] 2. On January 28, 2016, the government moved to dismiss Mabry's section 2255 motion and filed a memorandum in support. See [D.E. 78]; [D.E. 79]. On March 4, 2016, Mabry moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines and the government responded. See [D.E. 84]; [D.E. 85]. On June 28, 2016, the court granted the government's motion to dismiss, dismissed Mabry's section 2255 motion, and denied a certificate of appealability. See [D.E. 86] 5–6. The court also denied Mabry's section 3582(c)(2) motion and declined to reduce Mabry's sentence "in light of his serious criminal conduct and serious criminal history." Id. at 6. Mabry appealed. See [D.E. 88]. On December 20, 2016, the Fourth Circuit dismissed Mabry's appeal of the dismissal of his section 2255 motion and affirmed the court's decision regarding Mabry's section 3582(c) motion. See United States v. Mabry, 671 F. App'x 205, 206 (4th Cir. 2016). On September 24, 2018, Mabry moved for authorization to file a second motion to vacate

2

under 28 U.S.C. § 2255. See [D.E. 97]; [D.E. 98]. On October 11, 2018, the Fourth Circuit denied Mabry's request [D.E. 100]. On March 12, 2019, the court dismissed Mabry's second section 2255 motion for lack of subject-matter jurisdiction [D.E. 101].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.; United States v. Ruffin, —F.3d—, 2020 WL 6268582, at *4 (6th Cir. 2020).

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's

3

application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so,

---

    (C)  Family Circumstances.—

          (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

          (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

5

the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

As for Mabry's motion for compassionate release, Mabry cites the COVID-19 pandemic and the "4th, 5th, 6th, 8th Amendments to the United States Constitution[,]" and seeks release. [D.E. 106] 1, 7. Mabry has not exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), and the government has invoked section 3582's exhaustion requirements. See [D.E. 114] 1; [D.E. 114-2]; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court dismisses without prejudice Mabry's request for compassionate release.

As for Mabry's claims challenging the constitutionality of his criminal conviction under the Fourth, Fifth, and Sixth Amendments, [D.E. 106] 2–6, the court construes Mabry's motion as a motion under 28 U.S.C. § 2255. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); cf. Castro v. United States, 540 U.S. 375, 381–83 (2003). This court dismissed Mabry's previous challenge to his conviction under 28 U.S.C. § 2255. See [D.E. 74]; [D.E. 86]. Mabry may not bring a second or successive section 2255 motion absent certification by the Fourth Circuit. See 28 U.S.C. § 2255(h); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). As such, the court dismisses Mabry's claims challenging the constitutionality of his criminal conviction.

As for Mabry's Eighth Amendment claim, Mabry contends that, in light of the COVID-19 pandemic, "the close contact and conditions of incarceration are unsafe" and violate his Eighth

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

Amendment rights. [D.E. 106] 1, 7. Mabry's motion for compassionate release is not an appropriate vehicle for his Eighth Amendment claim. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Farabee v. Clarke, 967 F.3d 380, 394–95 & n.10 (4th Cir. 2020); Wilborn v. Mansukhani, 795 F. App'x 157, 163–64 (4th Cir. 2019) (per curiam) (unpublished). To the extent Mabry wishes to raise a claim that prison officials' deliberate indifference to his medical needs violated his Eighth Amendment rights, he must seek relief in a lawsuit pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). To the extent that Mabry is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he must file a petition seeking habeas corpus relief under 28 U.S.C. § 2241. See Hill, 547 U.S. at 579; Farabee, 967 F.3d at 394–95 & n.10; Wilborn, 795 F. App'x at 163–64; United States v. Hartley, No. 5:13-CR-46-KDB-DSC-1, 2020 WL 5550394, at *1 (W.D.N.C. Sept. 16, 2020) (unpublished). As such, the court dismisses Mabry's Eighth Amendment claims.

As for Mabry's motion for the appointment of another inmate as counsel, the motion lacks merit and is denied. Cf. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005); Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

III.

In sum, the court DENIES WITHOUT PREJUDICE Mabry's motion for compassionate release [D.E. 106] for failure to exhaust administrative remedies. The court DISMISSES Mabry's constitutional claims challenging his criminal conviction and conditions of confinement. The court

SO ORDERED. This 18 day of November 2020.

                                                    JAMES C. DEVER III
                                                    United States District Judge